LOKEN, Circuit Judge,
concurring.
I agree with Part II of the court’s opinion, which holds that the City Charter is clearly constitutional insofar as it restricts political activity by City employee Lloyd Thompson. I also agree with what is implicit in Part III of the court’s opinion' — - that the validity under the First Amendment of an ordinance restricting political activities by city employees may well be affected by the extent to which the ordinance restricts, or could be construed as restricting, the political activities of employee spouses.
Lloyd Thompson is the only one who will be sanctioned by the City if his spouse, Alma Mendez-Thompson, engages in political activity that violates the City Charter provision in question. If Alma Mendez-Thompson engaged in political activity and Lloyd Thompson were fired for that reason, he obviously would have standing to argue that the Charter would violate the First Amendment if construed as applying to her political activity. Likewise, prior to suffering any sanction, Lloyd Thompson should have standing to assert a First Amendment claim that the Charter provision is overbroad or vague because of its chilling effect on his spouse’s political activities, even if it may validly limit his own political activities.
What is unusual in this case is that plaintiffs, in their zeal to establish Alma Mendez Thompson’s standing to assert an independent claim, barely mentioned in the district court, and argued not at all to this court, that Lloyd Thompson has a First Amendment claim based on the Charter’s chilling effect on his wife’s freedom to engage in political activities. In my view, plaintiffs’ myopia in this regard has led both courts into error. The district court should have considered this aspect of Lloyd Thompson’s claim. And this court should remand for that purpose, rather than granting Alma Mendez Thompson standing to assert her own claim. Like the three other circuits that have considered the question, I conclude that in this situation the injury to the spouse derives from the injury to the employee (his actual or potential loss of income), and that the employee is the more appropriate party to litigate a facial challenge to the restraint. See Biggs v. Best, Best & Krieger, 189 F.3d 989, 997-99 (9th Cir.1999); Horstkoetter v. Dept. of Public Safety, 159 F.3d *977 1265, 1278-80 (10th Cir.1998); English v. Powell, 592 F.2d 727, 730 (4th Cir.1979). Therefore, to eliminate a need to adjudicate multiplicitous claims, and to avoid possible problems of remedy if an ordinance or charter provision were held constitutional as to the employee but invalid as to his spouse, I would hold that prudential concerns limit standing to the employee.